Robert L. Aldisert, OSB No. 940433
RAldisert@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Telephone: 503.727.2000
Facsimile: 503.727.2222

Ralph C. Ferrara
rferrara@proskauer.com
PROSKAUER ROSE LLP
1001 Pennsylvania Ave. NW, Ste. 400 South
Washington, DC 20004-2533
Telephone: 202.416.5820
Facsimile: 202.416.6899

Jonathan E. Richman
jerichman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone: 212.969.3448
Facsimile: 212.969.2900

Attorneys for Vestas Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| In re VESTAS WIND SYSTEMS A/S SECURITIES LITIGATION | No. 3:11-cv-00585-AC<br><br>**CLASS ACTION**<br><br>**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW EXCEEDING 35 PAGES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>By Defendants Vestas Wind Systems A/S and Vestas-Americn Wind Technology, Inc. |

1- MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR LEAVE TO FILE EXCESS PAGES

66920-0031/LEGAL26301926.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

Pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7-2(b), defendants Vestas Wind Systems A/S ("Vestas") and Vestas-American Wind Technology, Inc. ("VAWT") (collectively, "Defendants") respectfully request that the Court grant them leave to file a memorandum of law of up to 55 pages in support of their motion to dismiss plaintiffs' First Amended Complaint for Violation of the Federal Securities Laws (the "Complaint").

The Court should grant Defendants' motion because the issues raised by the Complaint exceed those raised in a typical securities action in at least three critical respects: (*i*) the Complaint raises an important issue of first impression in the federal-court system about whether the anti-fraud provisions of the Securities Exchange Act of 1934 (the "Exchange Act") even apply to the financial instruments in this case – a question that will require substantial explanation in the briefing; (*ii*) the Complaint concerns complicated accounting issues relating to revenue recognition under International Accounting Standards, which must be explained; and (*iii*) the alleged misrepresentations at issue must be examined under those standards. Plaintiffs do not oppose the relief requested in this motion. [Declaration of Jonathan E. Richman, ¶ 3 ("Richman Decl.")]

This case is a putative securities class action against Vestas, its U.S. subsidiary (VAWT), and certain present or former Vestas officers and directors under the Exchange Act. Vestas is a Danish company, and its securities are listed for trading only on the NASDAQ OMX Copenhagen – the Copenhagen stock exchange. [Richman Decl. ¶ 5] However, the Complaint asserts U.S. securities-fraud claims on behalf of a putative class of all persons and entities that purchased or otherwise acquired Vestas' unsponsored, unlisted American Depositary Receipts ("ADRs") and its unlisted ordinary shares in U.S. domestic transactions on the over-the-counter

2- MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR LEAVE TO FILE EXCESS PAGES

66920-0031/LEGAL26301926.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

market between February 11, 2009 and November 19, 2010. [*E.g.*, Compl. ¶¶ 1, 28-30; Richman Decl. ¶ 6]

Pursuant to the Court's Order dated February 20, 2013, Defendants' response to the Complaint is due on April 22, 2013. [Richman Decl. ¶ 7]

Defendants have been preparing a motion to dismiss the Complaint, and they are aware that this Court's Local Rule 7-2(b) limits their supporting memorandum of law to 35 pages without prior Court approval to file a longer memorandum. However, Defendants respectfully submit that the Court should allow them to submit a longer memorandum of law of up to 55 pages in this case.

As an initial matter, the Complaint raises an important issue of first impression in the federal-court system: whether the anti-fraud provisions of the Exchange Act apply at all to *unsponsored, unlisted* ADRs and *unlisted* ordinary shares of a non-U.S. issuer such as Vestas. [*Id.* ¶ 10] In 2010, the Supreme Court rejected many decades' worth of Exchange Act jurisprudence (including from the Ninth Circuit) and ruled that the Exchange Act does not apply extraterritorially. *Morrison v. National Australia Bank, Ltd.*, 130 S. Ct. 2869 (2010).

Since the *Morrison* decision, no court has ever held that the Exchange Act applies to trading in *unsponsored, unlisted* ADRs for foreign shares. [Richman Decl. ¶ 12] This Court will be the first to address that issue. Defendants need to explain the differences between sponsored and unsponsored ADRs, the applicable registration and exemption requirements (which changed between 2005 and 2010), the role of the depositary institutions that issue ADRs, and the over-the-counter market to show why they believe that the Exchange Act should not apply to plaintiffs' and the putative class's transactions.

3- MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE EXCESS PAGES

66920-0031/LEGAL26301926.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

If the Court were to include – despite the *Morrison* decision – that the Exchange Act's anti-fraud provisions do apply to plaintiffs' transactions, the Court would then need to address whether plaintiffs' allegations state a claim under the Exchange Act. Plaintiffs' Complaint is 72 pages long, covers a putative class period of nearly two years, and involves complicated accounting issues concerning revenue recognition for different types of contracts under International Accounting Standards (which apply to Vestas because it is a Danish corporation). [*Id.* ¶ 8] Defendants need to explain those standards – and the changes that occurred during the putative class period – to frame their arguments about why the Court should dismiss the Complaint.

In addition, the Complaint challenges Defendants' statements on a number of different topics during the extended putative class period, including Defendants' statements about Vestas' compliance with changing interpretations of International Accounting Standards, its financial statements, its earnings projections, and its announcements of new orders for its products. [*Id.* ¶ 9] Defendants will need to address all of these points in their memorandum of law.

For all of these reasons, Defendants need up to 55 pages to address the allegations in the Complaint.

//

//

4-  MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR LEAVE TO FILE EXCESS PAGES

66920-0031/LEGAL26301926.1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## CONCLUSION

The Court should therefore grant Defendants' motion to file a memorandum of law of up to 55 pages in support of their motion to dismiss the Complaint.

DATED: April 8, 2013

                                        *s/Robert L. Aldisert*
Robert L. Aldisert
Perkins Coie LLP
1120 NW Couch Street, 10th Floor
Portland, OR 97209-4128
Telephone: (503) 727-2056

Associate Counsel:

Ralph C. Ferrara
Jonathan E. Richman
Proskauer Rose LLP
1001 Pennsylvania Avenue NW
Suite 400 South
Washington, D.C. 20004
Telephone: (202) 416-5820

Jonathan E. Richman
Proskauer Rose LLP
Eleven Times Square
New York, NY 10036-8299
Telephone: (212) 969-3448
Facsimile: (212) 969-2900

ATTORNEYS FOR DEFENDANTS
VESTAS WIND SYSTEMS A/S,
VESTAS-AMERICAN WIND
TECHNOLOGY, INC., DITLEV ENGEL,
AND BENT ERIK CARLSEN

Case 3:11-cv-00585-AC    Document 82    Filed 04/08/13    Page 5 of 5    Page ID#: 423

5- MEMORANDUM IN SUPPORT OF UNOPPOSED
MOTION FOR LEAVE TO FILE EXCESS PAGES

66920-0031/LEGAL26301926.1

**Perkins Coie LLP**
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222