Robert L. Aldisert, OSB No. 940433
RAldisert@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Ralph C. Ferrara
rferrara@proskauer.com
PROSKAUER ROSE LLP
1001 Pennsylvania Ave. NW, Ste. 400 South
Washington, DC 20004-2533
Telephone:  202.416.5820
Facsimile:  202.416.6899

Jonathan E. Richman
jerichman@proskauer.com
PROSKAUER ROSE LLP
Eleven Times Square
New York, NY 10036-8299
Telephone:  212.969.3448
Facsimile:  212.969.2900

Attorneys for Vestas Defendants

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| In re VESTAS WIND SYSTEMS A/S SECURITIES LITIGATION | No.  3:11-cv-00585-AC<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JONATHAN E. RICHMAN IN SUPPORT OF UNOPPOSED MOTION FOR LEAVE TO FILE MEMORANDUM OF LAW EXCEEDING 35 PAGES IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br><br>**By Defendants Vestas Wind Systems A/S and Vestas-American Wind Technology, Inc.** |

1- DECLARATION OF JONATHAN E. RICHMAN
   IN SUPPORT OF UNOPPOSED MOTION FOR
   LEAVE TO FILE EXCESS PAGES

I, JONATHAN E. RICHMAN, declare and say as follows:

1.      I am a member of the law firm of Proskauer Rose LLP and of the Bar of the State of New York.  I have been admitted *pro hac vice* as counsel for defendants Vestas Wind Systems A/S ("Vestas") and Vestas-American Wind Technology, Inc. ("VAWT") (collectively, "Defendants") in the above-captioned action.

2.      I submit this Declaration based on personal knowledge and in support of Defendants' request for leave to file a memorandum of law exceeding 35 pages in support of their motion to dismiss plaintiffs' First Amended Complaint for Violation of the Federal Securities Laws (the "Complaint").

3.      Plaintiffs' counsel have informed me that they do not oppose the request for additional pages.

4.      This case is a putative securities class action against Vestas, VAWT, and certain present or former Vestas officers and directors under the Securities Exchange Act of 1934 (the "Exchange Act").

5.      Vestas is a Danish company, and its securities are listed for trading only on the NASDAQ OMX Copenhagen – the Copenhagen stock exchange.

6.      The Complaint asserts U.S. securities-fraud claims on behalf of a putative class of all persons who purchased or otherwise acquired Vestas' unsponsored, unlisted American Depositary Receipts ("ADRs") and its unlisted ordinary shares in U.S. domestic transactions on the over-the-counter market between February 11, 2009 and November 19, 2010.  [*E.g.*, Compl. ¶¶ 1, 28-30]

7.      Pursuant to this Court's Order dated February 20, 2013, Defendants' response to the Complaint is due on April 22, 2013.

8.      Plaintiffs' Complaint is 72 pages long, covers a putative class period of nearly two years, and involves complicated accounting issues concerning revenue recognition for

2-   DECLARATION OF JONATHAN E. RICHMAN
IN SUPPORT OF UNOPPOSED MOTION FOR
LEAVE TO FILE EXCESS PAGES
66920-0031/LEGAL26302168 1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

different types of contracts under International Accounting Standards (which apply to Vestas because it is a Danish corporation).

9.    In addition, the Complaint challenges Defendants' statements on a number of different topics during the extended putative class period, including Defendants' statements about Vestas' compliance with changing interpretations of International Accounting Standards, its financial statements, its earnings projections, and its announcements of new orders for its products.

10.    The Complaint also raises an important issue of first impression in the federal-court system:  whether the anti-fraud provisions of the Exchange Act apply at all to *unsponsored, unlisted* ADRs and *unlisted* ordinary shares of a non-U.S. issuer such as Vestas.

11.    In 2010, the Supreme Court rejected many decades' worth of Exchange Act jurisprudence (including from the Ninth Circuit) and ruled that the Exchange Act does not apply extraterritorially.  *Morrison v. National Australia Bank, Ltd.*, 130 S. Ct. 2869 (2010).

12.    Since the *Morrison* decision, no court to my knowledge has ever held that the Exchange Act applies to trading in *unsponsored, unlisted* ADRs for foreign shares.

*I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.*

Dated this 8th day of April, 2013 in New York, New York.

Jonathan E. Richman

3-    DECLARATION OF JONATHAN E. RICHMAN
IN SUPPORT OF UNOPPOSED MOTION FOR
LEAVE TO FILE EXCESS PAGES
66920-0031/LEGAL26302168 1

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222