UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | | |
|---|---|---|
| In re VESTAS WIND SYSTEMS A/S SECURITIES LITIGATION | ) ) ) ) | Case No. 3:11-cv-00585-MO |
| | | CLASS ACTION |
| This Document Relates To: | ) ) | FINAL JUDGMENT |
| ALL ACTIONS. | ) ) ) | |

Consistent with the terms of the Order Approving Class-Action Settlement entered on December 9, 2014 (the "Approval Order"), the settlement of this class action on the terms set forth in the parties' Stipulation of Settlement dated as of June 26, 2014, including all exhibits (collectively, the "Settlement Agreement"), is approved as fair, reasonable, and adequate and consistent with and in compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), the Rules of this Court, and any other applicable law, and in the best interests of the Settling Parties and the Class Members.  Unless otherwise defined in this Final Judgment, the capitalized terms in this Final Judgment have the same meanings as in the Settlement Agreement.

1.  The Court finally certifies the following Class for settlement purposes pursuant to Fed. R. Civ. P. 23(a) and (b)(3):  all persons, entities, or legal beneficiaries or participants in any entities who, during the period of time from February 11, 2009 through February 9, 2012, inclusive (the "Class Period"), purchased or otherwise acquired either American Depositary Receipts ("ADRs") for Vestas Wind Systems A/S's ("Vestas") ordinary shares or Vestas

FINAL JUDGMENT

common stock (ordinary shares) in U.S. domestic transactions, including on the over-the-counter market in the United States. Solely for purposes of this definition, (*i*) a U.S. domestic transaction is one in which either irrevocable liability was incurred or title to the securities was transferred in the United States, and (*ii*) a purchase of an ADR in a U.S. domestic transaction shall be deemed to be a U.S. domestic transaction. Excluded from the Class are:

      (a)    such persons or entities who submitted valid and timely requests for exclusion from the Class (listed on Exhibit 1 hereto);

      (b)    such persons or entities who, while represented by counsel, settled an actual or threatened lawsuit or other proceeding against the Releasees (including Vestas) and released the Releasees from any further Claims concerning their purchase or other acquisition of Vestas securities (including common stock or ADRs) in U.S. domestic transactions during the Class Period;

      (c)    such persons or entities who are or were: defendants; defendants' directors of the Board and executive management and executive officers (*i.e.*, Vestas' registered management and any other persons who fall within the definition of "officer" under SEC Rule 16(a)-1(f) under the Securities Exchange Act); Family Members of any of the foregoing; their legal representatives, heirs, successors, or assigns; and any entity in which any defendant has or had a Controlling Interest; and

      (d)    persons, entities, or legal beneficiaries or participants in any entities who, during the Class Period, purchased or otherwise acquired Vestas' securities outside the United States (including on the NASDAQ OMX Copenhagen), except to the extent that such purchasers also purchased or otherwise acquired ADRs or Vestas common stock (ordinary shares) in U.S. domestic transactions during the Class Period. Any person or entity who purchased or otherwise

FINAL JUDGMENT

acquired ADRs or Vestas common stock (ordinary shares) in U.S. domestic transactions during the Class Period and who also purchased or otherwise acquired Vestas securities outside the United States is a Class Member, but only as to the ADRs or Vestas common stock purchased or otherwise acquired in the U.S. domestic transactions during the Class Period.

2. The Individual Notice (including the Claim Form), the Summary Notice, and the notice methodology implemented pursuant to the Settlement Agreement (*i*) constituted the best practicable notice, (*ii*) constituted notice that was reasonably calculated, under the circumstances, to apprise potential Class Members of the pendency of the Action, the effect of the Settlement Agreement (including the Release), their right to object to the proposed Settlement, their right to exclude themselves from the Class, and Class Members' right to appear at the Fairness Hearing, (*iii*) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice, and (*iv*) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the PSLRA, the Rules of the Court, and any other applicable law.

3. The claims in the Action are dismissed on the merits and with prejudice according to the terms of the Settlement Agreement and the Approval Order, without costs to any party except as provided therein.

4. All Class Members and their heirs, executors, administrators, trustees, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b), representatives, and assigns – and anyone else purporting to act on behalf of, for the benefit of, or derivatively for any of them – are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory, or other proceeding

(as well as a motion or complaint in intervention in this Action if the person or entity filing such motion or complaint in intervention purports to be acting as, on behalf of, for the benefit of, or derivatively for any of the above persons or entities) or order, in any jurisdiction or forum, that is based upon, arises out of, or relates to any Released Plaintiffs' Claims as to any Releasee, including any Claim that is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Complaint.  In addition, all persons and entities are permanently barred and enjoined from filing, commencing, or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) or other proceeding on behalf of any Class Member as to the Releasees, if such other lawsuit is based upon, arises out of, or relates to the Action or the transactions and occurrences referred to in the Complaint; *provided, however,* that nothing in this Judgment shall enjoin the pursuit of Claims relating to purchases or other acquisitions of Vestas securities in *non-U.S.* transactions during the Class Period or to Claims to enforce the Settlement Agreement.

5.    This Judgment applies only to purchases or acquisitions of ADRs and Vestas common stock (ordinary shares) in U.S. domestic transactions during the Class Period, but not to any purchases or other acquisitions of Vestas securities outside the United States.

6.    All of the complaints filed in the Action were filed on a good-faith basis in accordance with the PSLRA and with Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information.  All Settling Parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

FINAL JUDGMENT

7.      Without affecting the extent to which the Final Judgment and the Approval Order are final for purposes of any appeals, this Court retains continuing and exclusive jurisdiction over the Action as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Judgment and the Approval Order, and for any other reasonably necessary purpose.

8.      FINAL JUDGMENT in the Action is hereby entered in accordance with Fed. R. Civ. P. 58.  The Clerk of the Court is respectfully directed to mark this case closed.

IT IS SO ORDERED.

DATED this  9th   day of December, 2014.

 /s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

FINAL JUDGMENT